UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF KINGS COUNTY CALIFORNIA,<br><br>        Respondents. | Case No. 1:19-cv-00132-LJO-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>ORDER DENYING MISCELLANEOUS MOTIONS<br><br>ECF Nos. 4, 7, 8 |

Petitioner Zane Hubbard, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss screen petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

We recommend that the court dismiss the case at screening. Petitioner raises two claims: (1) state prison officials are attempting to sterilize petitioner; and (2) petitioner is being harassed

by unidentified state actors for filing an administrative appeal in prison. *See* ECF No. 1 at 5, 10. These claims do not concern the legality of petitioner's confinement, so we cannot grant habeas relief. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). If petitioner wishes to litigate these claims, he must file a Section 1983 complaint, *see id.*, and the complaint must contain allegations that would withstand screening, *see* 28 U.S.C. § 1915A(a) and Fed. R. Civ. 8.

The court should decline to convert the petition into a Section 1983 complaint. The first claim is frivolous, and the allegations supporting the second claim are too conclusory. Petitioner has named People of Kings County, California as respondents, but he does not explain how respondents have wronged him. Although petitioner has three strikes under the Prison Litigation Reform Act, *Hubbard v. United States of America*, No. 1:14-cv-905, ECF No. 6 (E.D. Cal. June 30, 2014), he is free to assert his claims in a separate Section 1983 proceeding if he provides plausible allegations in addition to satisfying the imminent-danger exception or paying the full filing fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Because we will recommend that the court dismiss the case at screening, we will deny as moot all pending motions—all of which appear meritless—in this case.

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is an unauthorized successive petition and that it should not proceed further. Thus, the court should decline to issue a certificate of appealability.

**I.    Order**

    1. Petitioner's motion for a copy of the writ of habeas corpus, ECF No. 4, is denied.

    2. Petitioner's motion to proceed *in forma pauperis*, ECF No. 7, is denied.

    3. Petitioner's application for production of documents, ECF No. 7, is denied.

**II.    Findings and Recommendations**

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    August 14, 2019                                      _____
                                                                        UNITED STATES MAGISTRATE JUDGE

No. 202