UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | Case No. 1:19-cv-00132-LJO-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION AND FOR FAILURE TO EXHAUST CLAIMS |
| v. | |
| PEOPLE OF KINGS COUNTY CALIFORNIA, | OBJECTIONS DUE IN 30 DAYS |
| Respondent. | ECF No. 1 |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Zane Hubbard, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his June 21, 2016 conviction for battery on a non-prisoner.[1] *Id.* at 1. On August 15, 2019, we recommended that the court dismiss the petition for lack of jurisdiction. ECF No. 9. In our findings and recommendations, we

---

[1] Petitioner has filed nearly 30 other petitions for habeas corpus relief in our district challenging his 2011 conviction or the conditions of his confinement. It appears, however, that the petition now before the court is the only one petitioner has filed seeking relief from his 2016 conviction. We therefore do not consider it second or successive. *See Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017) ("[S]econd-in-time habeas petitions challenging new or intervening judgments are not second or successive.").

1

addressed only two of petitioner's four claims for relief. *See id*. In this order, we address petitioner's remaining two claims and again recommend dismissal.

**Discussion**

Petitioner made four claims for relief: (1) state prison officials are attempting to sterilize petitioner; (2) petitioner is being harassed by unidentified state actors for filing an administrative appeal in prison; (3) the trial judge denied petitioner his right to counsel at his preliminary hearing in 2016, resulting in petitioner entering an involuntary insanity plea against his will; and (4) consideration of petitioner's 2011 offense during his 2016 sentencing was unlawful. *See* ECF No. 1 at 5, 10, 41. In our August 15, 2019 findings and recommendations, we recommended dismissal of petitioner's first two claims for lack of jurisdiction.[2]

Petitioner's third and fourth claims are now before us for screening under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner's third claim for relief centers on the events of his 2016 preliminary hearing. *See* ECF No. 1 at 41-43. Petitioner claims that his plea of involuntary insanity was illegally obtained through compulsion. Specifically, he claims that the trial court denied him the right to testify in his defense, that his attorney admitted to an "irreparable breakdown with his professional duties," and that the trial judge denied him the right to adequate representation. *Id*. at 42. Petitioner sought habeas review of his claim before the California Court of Appeal; his claim was dismissed on procedural grounds as untimely and the California Supreme Court denied review. ECF No. 1 at 133.

---

[2] We could not recommend a grant of habeas relief because both claims centered on petitioner's conditions of confinement, rather than the legality or duration of his confinement. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). We will leave our previous findings and recommendations intact to the extent that they recommend dismissal of petitioner's first two claims.

2

"A federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). California's habeas timeliness bar qualifies as an adequate and independent state ground to bar habeas relief in federal court. *See Walker v. Martin*, 562 U.S. 307 (2011). Therefore, because we cannot review this procedurally defaulted claim, we recommend its dismissal for lack of jurisdiction.

Petitioner's fourth claim is that the trial judge unlawfully considered his prior 2011 offense under California's "three strikes law" when sentencing him for his 2016 conviction. ECF No. 1 at 135-136. Petitioner contends that his underlying 2011 conviction was illegally obtained and therefore should not have been counted as a "strike" in his 2016 case. *Id*. Petitioner has presented no evidence that he has exhausted this claim at the state level.[3] Because it appears that petitioner did not exhaust this claim at the state level, we recommend its dismissal for failure to exhaust.[4]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires

---

[3] As supposed proof of exhaustion, petitioner refers to state and federal applications for post-collateral review that he filed in 2013. ECF No. 1 at 137-38. These petitions did not challenge petitioner's 2016 conviction and therefore did not exhaust his fourth claim for purposes of the instant federal petition.

[4] Even if we were to reach the merits of petitioner's claim, we could not recommend that he be granted relief. "Federal habeas relief does not lie for errors of state law"; we will not review state court decisions based purely on state law. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). To be granted federal relief, petitioner must demonstrate that the trial court's error so infected the trial with unfairness that the resulting conviction violated due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

The court should dismiss the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   April 20, 2020                                  _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 206.